United States District Court
Eastern District of California

| | |
|---|---|
| DARRELL JOE SCOTT, | CV 06-01182 TJH |
| Petitioner, | |
| v. | Order |
| SACRAMENTO COUNTY PROBATION DEPARTMENT, | |
| Respondents. | |

The Court has considered the petition for *habeas corpus*, together with the moving and opposing papers.

Scott, a state prisoner, was convicted of one count of lewd and lascivious acts with a minor under fourteen years after inappropriately touching one of his two stepdaughters. He was sentenced to 180 days in jail and, then, placed on probation for eight years.

. . . . . . . .

After the California Court of Appeal affirmed Scott's conviction, he filed a petition for review in the Supreme Court of California. That court denied review on March 2, 2005. Scott, then, filed his federal petition for writ of *habeas corpus* on May 31, 2006. It was transferred to this district on December 16, 2008. Scott claims that the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"), is unconstitutional, and that the trial court improperly gave the permissive inference jury instruction, California Jury Instructions – Criminal, 2.05 ("CALJIC").

The AEDPA is constitutional because the United States Supreme Court has consistently applied the AEDPA's standard of review for more than thirteen years. *Crater v. Galaza*, 491 F.3d 1119, 1129 (9th Cir. 2007). The longstanding application of the AEDPA rules is strong evidence of the Act's constitutionality. *Crater*, 491 F.3d at 1129.

Further, the trial court did not give jury instruction CALJIC 2.05 in error. The permissive inference allows the trier of fact to credit or reject the inference and does not shift the burden of proof to the defendant. *County Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140, 157, 99 S. Ct. 2213, 2224, 60 L. Ed. 2d 777, 792 (1979). Thus, the application of the inference only affects the "beyond a reasonable doubt" standard if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. *Allen*, 442 U.S. at 157, 99 S. Ct. at 2225, 60 L. Ed. 2d at 792.

Here, the trier of fact could rationally infer that Scott undertook efforts to authorize false testimony. Trial testimony by a school counselor, a Child Protective

Services worker, and the foster mother showed that the two girls missed their mother, and that the mother had told them that the family could not be reunited unless the girls changed their story about Scott. Hearing this, one of the children told her school counselor that she would recant so that the girls could go home. Also, the mother conveyed Scott's messages to her daughters, stating that he asked for their forgiveness and that they could go to Reno if Scott got out of the case. From these facts, a reasonable inference can be made that Scott authorized the girls' mother to convey these messages to the girls to encourage them to recant. Thus, the state court's denial of the jury instruction claim did not result in an unreasonable determination of the facts.

It is Ordered that the petition be, and hereby is, Denied.

Date: October 6, 2010

_____
Terry J. Hatter, Jr.
Senior United States District Judge